IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ASSISE,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| v. | : | **NO. 08-2498** |
| | : | |
| **PALMER TOWNSHIP, et al.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                  **January 15, 2009**

A part-time police officer who acknowledged, in writing, that "no hours will or can be guaranteed" contends his civil rights were violated by his termination following his arrest.[1]  Palmer Township and the Palmer Township Police Department filed a 12(b)(6) motion to dismiss, which I will grant in part and deny in part for the reasons discussed below.

**I. Background**

Michael Assise became a part-time police officer with the Township around May, 2003.  (Defs.' Mot. to Dismiss Ex. E.)  A signed, dated document memorializing Mr. Assise's understanding that his position was only for part-time employment states, "No hours will or can be guaranteed.  Hours worked will be scheduled in accordance with the police contract/manual."  (Id.)

In February 2005, Mr. Assise was arrested for conduct occurring outside the

---

[1] Mr. Assise was arrested for Official Oppression, Conspiracy and Receiving Stolen Property, and Criminal Attempt.  He was acquitted of all charges.

township, and he was suspended.  (Compl. ¶ 9–10).  He was subsequently acquitted.  (Id. ¶ 11).  When Mr. Assise sought to recommence his employment with the Department in July 2006, he was informed that he would not be reinstated.  (Id. ¶ 14).  He alleges that he was not informed of the reasons for his termination and that he had no opportunity to be heard.  (Id. ¶¶ 19–26).

In his complaint, Mr. Assise claims a property interest in continued employment through the Palmer Township Employee Manual (Employee Manual (Defs.' Mot. to Dismiss Ex. B)), the collective bargaining agreement between the Township and the Palmer Police Association (CBA (Defs.' Mot. to Dismiss Ex. D)), and the Palmer Township Police Department Rules and Regulations Manual (Rules Manual (Defs.' Mot. to Dismiss Ex. F)).

**II. Standard for a Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  Bell Atlantic Corp. v. Twombly, 550 US 544, 127 S.Ct. 1955, 1965 (2007).  In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of

the plaintiff. Id.  See also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47.  Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id.  The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 127 S.Ct. at 1969.  Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).  The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 127 S.Ct. at 1965)).

**III. Discussion**

   **A. The Department as an improper party**

The defendants' motion correctly indicates that police departments, as merely administrative agencies, cannot be sued in conjunction with municipalities. See, e.g., Rudolph v. Clifton Heights Police Dept., 2008 WL 2669290, at *7 (E.D. Pa. July 7,

2008); Stroman v. Lower Merion Twp., 2007 WL 475817, at *2 (E.D. Pa. Feb. 7, 2007); Pahle v. Colebrookdale Twp., 227 F. Supp. 2d 361, 367 (E.D. Pa. 2002).  They are not separate entities.  Id.  Mr. Assise's response does not address this issue at all, and the complaint advances no colorable opposing argument suggesting that the Department is a separate legal entity.  Accordingly, I will dismiss the claims against the Department.

    **B.  Request for punitive damages**

The parties agree that claims for punitive damages against a local government agency are not allowed.  Any requests for punitive damages will be dismissed.

    **C.  Section 1983 claim**

I will deny the motion as to this part.  To prevail on a section 1983 claim, a plaintiff generally must show: (1) that the defendant acted under color of state law, (2) that the defendant deprived the plaintiff of a right protected by federal law, and (3) damages.  Samerik v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998).  The Township is a state actor.  The key issue is whether Mr. Assise is correct in asserting a property interest in continued employment as a part-time officer.

The Township moves for dismissal on the argument that there was no contract, document, or other understanding with Mr. Assise that created any expectation of continued employment rising to the level of a constitutionally protected property interest.  (Defs.' Mot. to Dismiss at 9–10.)  The Township contends that Mr. Assise was only an at-will, part-time officer for the following reasons:

> (1) He was not statutorily protected by Pennsylvania's Police Tenure Act, 53 P.S. § 812, because he was not a regular full time officer;
>
> (2) The CBA contains no language refuting the at-will status of part-time officers such as Assise;
>
> (3) Assise's reliance on the Employee Manual is misplaced as it clearly states that all full-time Township employment is at-will, and that any full-time employee can be terminated without cause and without prior notice. If full-time employees are not provided such protections, neither would part-time employees;
>
> (4) The Rules Manual does not create any additional rights as Assise purports.

(See id. at 5–8.) The Township contends that because no statute, contract, or manual alters Mr. Assise's at-will status, he has no property interest in his employment.

One of Mr. Assise's arguments is that the CBA between the Police Association and the Township created the necessary property interest. (See Defs.' Mot. to Dismiss Ex. D.) As a member of the police association, Mr. Assise was "covered" by the CBA. (Id. ¶ 2.0 ("[T]he TOWNSHIP recognizes the [Palmer Township Police Association] as the exclusive representative of all full-time and regular part-time police . . . .").) He argues that his employment was not at-will because under the CBA "the Township retain[ed] its sole and exclusive right to . . . discipline, suspend or discharge employees for *just cause*." (Id. ¶ 3.0 (emphasis added)). Accordingly, he was entitled to some explanation of the grounds constituting the "just cause" for his termination. (See Pl.'s Opp'n Mem. at 6).

Contrary to the Township's assertions, the CBA did create a property interest in

continued employment.  I find the Third Circuit Court of Appeals' decision in <u>Dee v. Borough of Dunmore</u>, 549 F.2d 225 (3d Cir. 2008), on point.  In <u>Dee</u>, the court considered whether a firefighter suspended without notice was "deprived of a constitutionally protected property interest."  <u>Id.</u> at 229.  The court determined that, based on the terms of a collective bargaining agreement between the borough and the firefighters' union, Mr. Dee did have a property interest.  <u>Id.</u> at 230.  That agreement contained a provision stating, "It is agreed that the Borough Council has the right to discipline and/or discharge Employees for 'just cause.'"  <u>Id.</u> at 231.  Not every contract with a state entity creates a constitutionally protected property interest, but those "employment contracts . . . contain[ing] a 'just cause' provision [do] create a property interest in continued employment."  <u>Id.</u> at 231 (quoting <u>Wilson v. MVM, Inc.</u>, 475 F.3d 166, 177 (3d Cir. 2007)).  The Township does not deny the existence of the "just cause" provision nor has it established that Mr. Assise was not covered by the CBA.[2]

In light of the parties' arguments and the applicable standard, I will dismiss the motion as to this part.  Mr. Assise's employment was covered by the CBA, which included a "just cause" removal provision.  <u>Dee</u> makes it clear that a state employment contract limiting the right to discipline or remove for "just cause" creates a constitutionally protected property interest.  Mr. Assise has asserted (and the Township

---

[2] That Mr. Dee was a full-time employee while Mr. Assise was a part-time employee is a factual distinction of no moment.  The issue is whether removal was restricted by a "just cause" provision.  Because part-time officers in Palmer Township are protected by the CBA, Mr. Assise may rely on its terms in asserting his property interest argument.

has not denied) that he was discharged without notice or an opportunity to be heard. Because Mr. Assise has stated a claim upon which relief may be granted, the motion is dismissed.

### D. Breach of contract claim

I will grant the motion as to the breach of contract claim. Mr. Assise's claim is primarily based on the Rules Manual. (See Compl. ¶ 47; Pl.'s Opp'n Mem. at 8 (stating that the bases for Assise's claim are his termination and the Department's failure to adhere to the Rules Manual's disciplinary schedule)). He believes the Rules Manual established the criteria for termination, that he did not fit into the criteria for summary termination, and that he was never placed on notice or given an opportunity to be heard. (See Compl. ¶¶ 17–25.) The Rules Manual, however, is not a contract. It is only a guide describing the Department's regulations and creates no legal duties or obligations. Mr. Assise has not presented an argument that the Rules Manual serves as any form of contract between him and the Township.

Dismissal is also appropriate to the extent Mr. Assise's argument is based on the CBA. First, although Mr. Assise was covered by the CBA, he was not a signatory. He cannot validly claim that the Township violated some contractual duty it owed to him. Second, even if Mr. Assise could claim the CBA to be the allegedly breached contract, he has not exhausted his administrative remedies under that agreement. When contracting parties establish an exclusive procedure for dispute resolution, the expectation is that they

will use this procedure when disagreements arise.  Accordingly, courts should be cautious and defer to the parties' agreement, as necessary.  See Borough of Philipsburg v. Bloom, 554 A.2d 166, 168–69 (Pa. Commw. Ct. 1989) (deciding that where contracting parties had established an arbitration procedure for grievances, a dispute arising under the agreement was properly brought through the mutually agreed-upon process).  This gives effect to the parties' intent on how to resolve issues arising under their agreement.  Moreover, the restrained exercise of judicial power (even when jurisdiction exists) in these scenarios promotes the policy of encouraging cooperation and harmony in the employer-employee relationship.  See, e.g., Twp. of Moon v. Police Officers of Moon, 498 A.2d 1305, 1311 (Pa. 1985) ("[G]rievance procedures . . . which [foster] harmony in the employment relationship should be favored.").

    The CBA's grievance procedure section provides that an officer appealing his termination can choose between using the CBA grievance procedure or some appropriate statutory route.  (Defs.' Mot. to Dismiss Ex. D ¶ 12.0.)  There is no indication that Mr. Assise has pursued either one.  Given the Pennsylvania courts' stated policy, I will dismiss the claim so as to give effect to the parties' intentions.

**IV. Conclusion**

    For the foregoing reasons, I will grant in part and deny in part the defendants' motion to dismiss.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ASSISE,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| v. | : | **NO. 08-2498** |
| | : | |
| **PALMER TOWNSHIP, et al.,** | : | |
| **Defendants** | : | |

**O R D E R**

**STENGEL, J.**

  **AND NOW**, this 15th day of January, 2009, upon consideration of the defendants' Motion to Dismiss (Document #4), it is hereby ORDERED that the motion is GRANTED IN PART and DENIED IN PART:

  1) All counts against the defendant Palmer Township Police Department are DISMISSED.  The Clerk shall terminate Palmer Township Police Department as a party in this matter;

  2) All requests for punitive damages are DISMISSED;

  3) Count II (Breach of Contract) of the Complaint is DISMISSED.


            BY THE COURT:


            /s/ Lawrence F. Stengel
            LAWRENCE F. STENGEL, J.